IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A.C. ROBINSON,

    Plaintiff,                     No. CIV S-05-0342 RRB DAD P

    vs.

D.L. RUNNELS,

    Defendant.                  ORDER

_____/

        On November 27, 2007, defendant filed a pretrial statement and requested therein leave to file a motion to dismiss plaintiff's complaint due to his failure to exhaust administrative remedies prior to filing this action. Defendant contends that attached to plaintiff's complaint is an administrative appeal and an Appeal Screening Form, rejecting plaintiff's appeal as untimely. Based on plaintiff's own exhibits, defendant contends that he is entitled to dismissal of this action. Plaintiff has not had an opportunity to respond to defendant's contentions. However, plaintiff notes in his pretrial statement that whether he completed the grievance process is a disputed factual issue.

        Good cause appearing, the court will grant defendant thirty days leave to file a motion to dismiss for failure to exhaust administrative remedies. In addition, plaintiff will be

/////

1  provided an opportunity to respond to defendant's motion.[1]  The court will also vacate the

2  scheduled pretrial conference and jury trial  dates and will issue a revised scheduling order, if

3  necessary, after the motion to dismiss has been ruled upon.  The remainder of the court's

4  scheduling order will remain in effect.

5         IT IS HEREBY ORDERED that:

6         1. Defendant's request to file a motion to dismiss for failure to exhaust

7  administrative remedies is granted;

8         2. Defendant shall file a motion to dismiss within thirty days of the date of this

9  order; plaintiff's opposition or statement of non-opposition to the motion shall be filed and

10 served within thirty days after service of the motion; defendant's reply, if any, shall be filed and

11 served within fifteen days thereafter;

12         3. The court's scheduling order dates related to pretrial conference (November

13 30, 2007) and jury trial (February 11, 2007) are vacated; and

14 /////

15 /////

16 ─────────────

[1] Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised again of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

4. The remainder of the court's scheduling order remains in effect. The court will issue a revised scheduling order if necessary after defendant's motion to dismiss has been ruled upon.

DATED: December 11, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
robi0342.36mtd