1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   A.C. ROBINSON,

11              Plaintiff,                    No. CIV S-05-0342 JAM DAD P

12        vs.

13   D.L. RUNNELS,

14              Defendant.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42

17   U.S.C. § 1983.  Pending before the court are plaintiff's request to vacate the judgment in this

18   case and plaintiff's motion for reconsideration.

19                              **BACKGROUND**

20          On August 28, 2008, the assigned magistrate judge issued findings and

21   recommendations, recommending that defendant's motion to dismiss for failure to exhaust

22   administrative remedies be granted.  The parties were given fifteen days to file and serve any

23   objections to the findings and recommendations.  On September 19, 2008, plaintiff timely filed

24   objections to the findings and recommendations.

25          On October 2, 2008, the court reviewed the file and found the findings and

26   recommendations to be supported by the record and by the magistrate judge's analysis.  The

1

court adopted the findings and recommendations in full, granted defendant's motion to dismiss, and closed this action.  On October 16, 2008, plaintiff filed his objections to the findings and recommendations again and noted that the order adopting the findings and recommendations had erroneously stated that neither party had filed objections.  Plaintiff asked the court to vacate its judgment and to consider his objections to the findings and recommendations.  Subsequently, on May 11, 2009, plaintiff filed a motion for reconsideration asking for similar relief.  The court has construed plaintiff's October 16, 2008 objections and his motion for reconsideration as motions brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"[Rule 60(b)] is remedial in nature and thus must be liberally applied."  Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002) (en banc).  In this case, the court received plaintiff's timely-filed objections but mistakenly or inadvertently failed to consider them.  Accordingly, under the circumstances of this case, the court finds that plaintiff is entitled to relief under Rule 60(b)(1), and the court will direct the Clerk of the Court to re-open this case and enter a new judgment in accordance with this order.  See, e.g., Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999) (Rule 60(b)(1) includes mistakes by the court).

/////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de</u> <u>novo</u> review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's October 16, 2008 and May 11, 2009 motions to vacate the judgment in this case (Doc. Nos. 56 & 60) are granted;

2.  The Clerk of the Court is directed to re-open this case and enter a new judgment in accordance with this order;

3.  The findings and recommendations filed August 28, 2008, are adopted in full;

4.  Defendant's January 11, 2008 motion to dismiss (Doc No. 45) is granted; and

5.  This action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED: October 16, 2009.


                                        /s/ John A. Mendez
                                UNITED STATES DISTRICT JUDGE



/robi0342.60b